**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile:  (562) 435-1656

Attorneys for Plaintiffs:
JOSHUA DAVID DINNERMAN, PAUL FEINBERG,
PACIFIC INFORMATION TECHNOLOGIES, PACIFIC
BUSINESS KK, TECHNOLOGY DESIGN SYSTEMS,
LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

-------------------------------------------- Civil Docket No.:  8:23-cv-2301

| | |
|---|---|
| JOSHUA DAVID DINNERMAN, individually and on behalf of all others similarly situated; PAUL FEINBERG, individually and on behalf of all others similarly situated; PACIFIC INFORMATION TECHNOLOGIES, an Arizona corporation; PACIFIC BUSINESS KK, a Tokyo Japan corporation; and TECHNOLOGY DESIGN SYSTEMS, LTD., a Hong Kong corporation, <br><br> Plaintiffs, <br><br> vs <br><br> DATTO, INC., a Connecticut corporation, as such has a regional office in Irvine, CA; and OPEN MESH, INC., an Oregon corporation, <br><br> Defendants. | **CLASS ACTION COMPLAINT** <br><br> (1) Breach of the Magnuson-Moss Warranty Act [15 U.S.C. 2301 et seq.] <br><br> (2) False Advertising – California Business and Professions Code §17200 et seq.; <br><br> (3) Violations of Unfair Business Practice Act – California Business and Professions Code §17200 et seq.; <br><br> (4) Violation of Consumer Legal Remedies Act; <br><br> (5) Breach of Contract; <br><br> (6) Breach of Implied Covenant of Good Faith and Fair Dealing <br><br> (7) Breach of Express Warranty; <br><br> (8) Breach of Implied Warranty |

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

(9)   Intentional Misrepresentation; and

(10) Negligence;

**[Plaintiffs Demand a Trial by Jury]**

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint (Complaint) against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.        Jurisdiction of this Court is based on 28 USC § 1332, diversity of citizenship, and 28 USC § 1603 (a) and (b).

2.        This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(d)(2)(B)(4) and 28 USC § 1603 (a) and (b). The aggregate value of the claims of all members of the proposed class and subclass(es) are in excess of ten million dollars , exclusive of interest and costs. Many members of the proposed class are citizens of a state and/or country different from Defendants.

3.        Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where DEFENDANTS and each of them, distributed, marketed, advertised, and sold the trading devices which are the subject of the present complaint. Venue is also appropriate in this District pursuant to 28 USC § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred in or emanated from this District.

4.        DEFENDANT DATTO is authorized to do business and does conduct business in California and has specifically marketed, advertised, and made

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

substantial sales in California.

5.      DEFENDANT OPEN MESH has sufficient minimum contacts with this state and avails itself of the laws of the District and state of California by marketing its products, advertising them, and selling them within this District. The exercise of jurisdiction does not "offend the traditional notions of fair play and substantial justice" *(International Shoe Co. v. Washington (1945) 326 U.S. 310)*.

6.      DEFENDANT DATTO has a place of business in the District from an office at 400 Spectrum Center Dr., Ste. 2100, Irvine, CA 92618.

7.      DEFENDANT DATTO has sufficient minimum contacts with this state and avails itself of the laws of the District and state of California by marketing its products, advertising them, and selling them within this District. The exercise of jurisdiction does not "offend the traditional notions of fair play and substantial justice" *(International Shoe Co. v. Washington (1945) 326 U.S. 310)*.

## SUMMARY OF THE ACTION

8.      Users of Defendants' devices were promised a "lifetime cloud license", "automatic firmware updates" and other features.  Plaintiffs allege that the Defendants promoted false advertising upon purchasing OPEN MESH devices and in fact did not provide the features that were promised unless consumers agreed to pay a monthly maintenance fee for a cloud license to continue receiving the promised benefits and features. Without the cloud license the devices are rendered useless. Plaintiffs and Class members lost economic gain and suffered financial loss due to Defendants' false advertising and deception.  Plaintiffs and Class members seek special, compensatory, punitive damages, and an injunction.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

## PARTIES

9.      Plaintiff Paul Feinberg ("FEINBERG") was and is a citizen of the United States, and a permanent residence in Japan.

10.     Joshua David Dinnerman ("DINNERMAN") was and is a citizen of the United States.

11.     Pacific Information Technologies, Inc is an Arizona corporation with its principal place of business at 916 E. Baseline Rd., #106, Mesa, Arizona.

12.     Pacific Business KK is a Tokyo Japan corporation with its principal place of business at Mukai Building, 5th Floor, 1-13-14 Sekiguchi, Bunkyo-ku, Tokyo 112-0014.

13.     Technology Design Systems, Ltd., is a Hong Kong, China corporation with its principal place of business at Unit 06B, Viking Technology and Business Center, 93 Ta Chuen Ping St., Kwai Chung NT, Hong Kong.

14.     Class members are all those members of the American public and many foreign countries who are similarly situated as the named Plaintiffs.

15.     Defendant Datto, Inc., ("DATTO") is a Connecticut corporation with its principal place of business at 101 Merrit 7, Ste. 7, Norwalk, Connecticut 06851-1052, as is qualified to do business and is doing business in California, and has substantial contacts in California.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

16.    Defendant Open Mesh, Inc, ("OPEN MESH") is an Oregon corporation with its principal place of business at 5 Centerpoint Dr., Ste. 400, Lake Oswego, Oregon 97035-8661. Upon information and belief, it is a wholly-owned Subsidiary of Defendant Datto, Inc.

## **FACTUAL ALLEGATIONS**

17.    Defendants, and each of them, produce cloud-managed network devices. Their customers use these devices not only for internet activity and Wi-Fi, but also as a scalable foundation for a variety of other Internet of Things (IoT) cloud managed devices and systems, to wit; cameras, sensors, point of purchase systems, etc.

18.    OPEN MESH provided a cloud-managed platform called CLOUDTRAX for networks and network devices which connected to this platform. DATTO, upon their purchase of OPEN MESH, took over this platform under DATTO. The platform provides secure internet connectivity and device control, management and monitoring to consumers and businesses.

19.    OPEN MESH programmed, advertised, sold, and distributed access points, switches, and routers with lifetime cloud licenses and automatic firmware/software updates.

20.    OPEN MESH advertised a "lifetime cloud license" along with other features. A true and correct copy of the warranty advertised on the box is attached and labeled as **Exhibit "A"**. The "lifetime cloud license," which was printed expressly, warranted that the product would work as intended throughout the product's lifetime. OPEN MESH invalidly disclaims all warranties while purporting

1    to warrant lifetime usage.

2

3    21.    DATTO and OPEN MESH devices use CLOUDTRAX, a cloud-based

4    network controller. Without CLOUDTRAX and the "lifetime cloud license", the

5    devices cannot and do not operate properly absent payment of a monthly

6    maintenance fee hereinafter referenced.

7

8    22.    In or about late 2016 DATTO acquired OPEN MESH. Once DATTO

9    acquired OPEN MESH, it adopted a new pricing model which required all users to

10    have to pay a monthly fee to maintain CLOUDTRAX and continue receiving the

11    benefits of the "lifetime cloud license". This model leaves former users with the

12    option to pay the monthly fee or completely/partially replace their hardware and

13    switch to another provider. This model contradicts the basis on when the devices

14    were purchased, which was that there would be no monthly fee.

15    23.    On or about November 3rd, 2016 FEINBERG, Pacific Information

16    Technologies, Inc., and Pacific Business KK purchased multiple OPEN MESH

17    devices, including but not limited to 6 (six) OM5 P-AC-NA access points priced at

18    $120.15 per unit; 1 (one) Cloud Managed Switch priced at $269.10; and 11 (eleven)

19    OM5 P-AC-PS access points. The total purchase price was $2,366.65.

20

21    24.    FEINBERG purchased the OPEN MESH devices for personal use

22    from Streakwave Wireless, Inc. located in San Jose, California. Most purchases of

23    OPEN MESH's devices were made through distributors and not directly from

24    OPEN MESH. At the time of purchase, Streakwave was a contracted distributor and

25    one of the largest distributors of OPEN MESH's products and facilitated and

26    controlled the distribution of OPEN MESH's products from their San Jose location.

27

28

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

25.    The OPEN MESH devices are used to create low cost and secure Wi-Fi hotspots in the home, business, and outdoors. The Wi-Fi hotspots can be monitored and controlled through any internet browser remotely. The products allow the user to monitor the traffic, downloads, and extend stronger Wi-Fi connection throughout any property. The product is touted and marketed for its ease of use and its ability to "plug and play."

26.    Mesh routers are often compared to Wi-Fi extenders and can be used in any home with internet capabilities. They can be used to reach the hard to cover places a normal Wi-Fi router cannot reach and eliminate dead zones in a home, backyard, or home office. The general public often chooses a mesh network, especially products like DEFENDANTS', for the amount of control to the Wi-Fi it allows.

27.    On or about January 31st, 2017, DATTO announced their acquisition of OPEN MESH to the public.

28.    On or about March 15th, 2017 FEINBERG entered into an International Distributor Agreement with OPEN MESH, allowing him to receive units of OPEN MESH devices, but no written agreement was executed.

29.    In or about the middle of 2021 one of FEINBERG's OPEN MESH devices failed and disconnected from the Wi-Fi. FEINBERG had a spare OPEN MESH device that he wanted to use, but it was set up on another network. To remove the device from the old network and make it usable, he had to contact OPEN MESH and DATTO.

30.    FEINBERG contacted OPEN MESH's customer support multiple

CLASS ACTION COMPLAINT

times through phone calls and emails, but was never able to reach OPEN MESH and never received a response to his numerous attempts to contact OPEN MESH.

31.    FEINBERG then contacted DATTO's customer support to no avail. DATTO claimed that because the devices were not from their company they couldn't provide FEINBERG with much assistance. The DATTO customer support agent mentioned to FEINBERG that if he purchased a monthly subscription from DATTO for CLOUDTRAX, that it could bring his devices back online.

32.    DATTO alleges no wrongdoing and that their product works as advertised because users can still connect to CloudTrax because CloudTrax remains usable without the monthly DATTO subscription. OPEN MESH hardware is rendered unusable without security updates that are only available to monthly subscribers of Datto's paid services for the same devices. If you pay a monthly fee, they essentially provide a key that allows your devices to receive the firmware updates again. DEFENDANTS stopped providing security updates to the devices, even though DEFENDANTS warranted that they would do so for the life of the hardware if anyone purchased it.

33.    OPEN MESH essentially sold their product to consumers with a lifetime warranty, and after DATTO acquired OPEN-MESH, DATTO tied-in a subscription to be eligible to receive the product as warranted.

34.    FEINBERG has exhausted the remedies provided by DATTO and OPEN MESH to make the products usable but the products have not been restored to a working condition. DEFENDANT'S efforts to remedy the situation are either a falsity or so convoluted that any attempt to make the products usable again are futile.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

35.	On or about October 2nd, 2021 DINNERMAN and Technology Design Systems, Ltd purchased four (4) OPEN MESH access points. DINNERMAN encountered the same problem with the devices as FEINBERG. DINNERMAN's OPEN MESH devices could not be disconnected from the previous user's network unless he paid a monthly fee to DATTO.

36.	At all times mentioned hereto, DATTO has not allowed for their devices to be unlocked and used with another network platform.

37.	Plaintiffs are informed and believe that DATTO issued an "End of Life" and "End of Support" statement to all its users informing them that their lifetime cloud license and customer support would be cut off by December 31st, 2021, absent their agreement to pay a monthly maintenance fee.

38.	DATTO contacted OPEN MESH distributor's clients to persuade them to switch to DATTO.

39.	Plaintiff FEINBERG is informed and believes and thereon alleges that in or about early 2017 DATTO cut off OPEN MESH's customer support.

40.	Plaintiff FEINBERG is informed and believes and thereon alleges that in or about early 2017 DATTO began ending support and automatic updates for OPEN MESH devices after advertising and warranting lifetime access to its users. DATTO and OPEN MESH warranted, advertised, and communicated lifetime access to its customers and cut off support for this function in favor of new paid monthly subscription.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

CLASS ACTION COMPLAINT

41.    As a direct and proximate result of DATTO's business model change, Plaintiffs and Class Members, like so many others, lost out on significant investments and prospective profits to their damage.

42.    PLAINTIFFS have sent DEFENDANTS notice of their intent to sue on behalf of a class under the Magnuson-Moss Warranty Act and their notice of intent to file a lawsuit statutorily required under the California Consumer Legal Remedies Act, California Civil Code section 1782 on October 6, 2023.

## **CLASS ACTION ALLEGATIONS**

43.    Plaintiffs bring claims pursuant to Federal Rules of Civil Procedure Rule 23 (a) and (b)(3) on behalf of the following Class, as defined below: All PLAINTIFFS and each of them, consumers who bought OPEN MESH devices that require a connection to CLOUDTRAX to function during 2007 through and including the present.

44.    Additionally, Plaintiffs brings claims pursuant to Federal Rules of Civil Procedure Rule 23 (a) and (c)(5) on behalf of the following Subclass, as defined below: All DISTRIBUTORS and each of their customers who bought OPEN MESH devices that require a connection to CLOUDTRAX to function during 2007 through and including the present.

45.    This action has been brought and may properly be maintained as a class action against ALL DEFENDANTS and each of them, pursuant to the provisions of Federal Rules of Civil Procedure Rule 23 (b) and (c)(4).

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

46.     **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiffs at this time, but, based on information and belief, Class members are so numerous that their individual joinder herein is impracticable. Based on information and belief and publicly available reports, Class members number in the hundreds of thousands. Subclass members are likely in the hundreds. All Class and Subclass members may be notified of the pendency of this action by reference to DEFENDANTS and each of their records or by other alternative means.

47.     **Commonality:** Numerous questions of law or fact are common to Plaintiffs' claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

a.     Whether DEFENDANTS and each of them made a practice of knowingly selling the OPEN MESH CLOUDTRAX supported devices under the pretense of providing lifetime cloud license and support, nevertheless knowing that they were going to end the lifetime cloud license and support, unless and until consumers agreed to pay a monthly maintenance fee;

b.     Whether DEFENDANTS and each of them made a practice of selling the OPEN MESH CLOUDTRAX supported devices purposefully with the intent to gain more customers that would have to eventually pay the monthly maintenance fees;

c.     Whether in doing so, DEFENDANTS and each of them regularly, routinely and with impunity violated the Magnuson-Moss Warranty Act.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

d.      Whether in doing so, DEFENDANTS and each of them made a practice of violating consumer protection laws in failing to disclose their changes in the cloud license and support policy;

e.      Whether in doing so, DEFENDANTS and each of them were in multiple breaches of their contracts and the implied covenant of good faith and fair dealing in connection with their failure to continue to provide lifetime cloud license and support;

f.      Whether DEFENDANTS and each of them regularly and as a practice were negligent or grossly negligent by failing to continue to provide lifetime cloud license for customers who had already purchased the OPEN MESH devices;

g.      Whether DEFENDANTS and each of them regularly and as a practice breached their fiduciary duties to customers by failing to provide adequate access to customer support;

h.      Whether Plaintiffs and the other Class members suffered damages by DEFENDANTS' practices, and if so, the appropriate class-wide measure of damages, restitution, and other appropriate relief, including injunctive relief;

i.      Whether Plaintiffs and the other Class members are entitled to injunctive equitable and declaratory relief.

48.     **Typicality:** The claims of the named Plaintiffs are typical of the proposed Class's claims in that the named Plaintiffs were customers and/or distributors during the class period and are unable to connect devices to Wi-Fi

and/or networks, and unable to maintain their lifetime warranty as a result of DEFENDANTS, and each, of their wrongful conduct.

49.     **Adequate Representation:** Plaintiffs will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiffs have retained competent counsel experienced in prosecuting complex class actions, including those involving financial services, and they will vigorously litigate this class action.

50.     **Predominance and Superiority:** There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, given the relatively modest damages sustained by most individual members, few, if any, proposed Class members could or would sustain the economic burden of pursuing individual remedies for DEFENDANTS and each of their wrongful conduct. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material difficulties in management.

51.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

52.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

53.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DEFENDANTS, and each of them have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole.

54.     Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiffs are insufficient to make litigation addressing DEFENDANTS, and each of their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

55.     Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

**CAUSE OF ACTION I**
**BREACH OF THE MAGNUSON-MOSS WARRANTY ACT**
**AGAINST DEFENDANTS**

48.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

49.     The Magnuson Moss Warranty Act defines a consumer as a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract). The incorporated paragraphs allege the personal use of each product and not meant for resale. Plaintiffs and members of the Class are consumers.

50.     The Magnuson Moss Warranty Act defines a consumer product as a tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed). As detailed in paragraphs 25 and 26, Defendants products are low-cost easy to use wi-fi hotspots touted for their controllability and simplicity to use. Plaintiffs and members of the Class purchased various devices from OPEN MESH. Defendant's product was labeled, through

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

their own manuals ("**Exhibit C**"), as a product for home and apartment buildings making normal use of this product for personal, household, or family use to connect to the internet, which is a staple in every home. The product is a consumer product.

51.      DEFENDANTS are the warrantors who made a written warranty. The product descriptions, on several locations, warranted lifetime cloud access.

52.      DEFENDANTS' products failed to perform as warranted. Each product was labeled expressly on the product packaging as warranted for lifetime use. As of December 31, 2021, any use of the product was cut off per DEFENDANT'S "end of life notice," effectively making the products fail to perform as warranted.

53.      DEFENDANTS attempt to disclaim their lifetime warranty rendered the warranty illusory and therefore invalid. Any alleged warranties may not be given with one hand then taken away by another through a disclaimer.

54.      As alleged in Paragraphs 30 and 34, FEINBERG gave DEFENDANTS notice that their product was rendered unusable and FEINBERG attempted contact DEFENDANT to remedy the unusable product but they remain unusable till this day.

55.      OPEN MESH essentially sold their product to consumers with a lifetime warranty, and after DATTO acquired OPEN-MESH, DATTO tied-in a subscription to be eligible to receive the product as warranted.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

56.    DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

**CAUSE OF ACTION II**
**FALSE ADVERTISING – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 et seq.**
**AGAINST DEFENDANTS**

57.    Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

58.    California Business & Professions Code § 17500 et seq., also known as California False Advertising Law, makes it "unlawful for any person, … corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property … or anything of any nature whatsoever … to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the internet, any statement, concerning that … personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading…"

59.    As alleged above, DEFENDANTS disseminated or caused to be disseminated deceptive advertising of OPEN MESH devices to the general public. Such advertising, including but not limited to, product packaging, advertising and marketing represented OPEN MESH devices to come with a lifetime cloud access

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

and support. These advertisements were false and misleading because DEFENDANTS are now switching over to a monthly fee policy, forcing existing OPEN MESH users to pay the monthly fee, or switch their devices and networks to another company. Plaintiffs relied on the untrue and misleading on-box advertisement for lifetime use and induced PLAINTIFFS to purchase the product.

60.    Upon Plaintiffs information and belief DEFENDANTS continue to disseminate or cause to be disseminated such deceptive promises as alleged herein.

61.    The false and deceptive statements regarding the lifetime cloud access and support is likely to deceive the consuming public and had done so.

62.    While disseminating or causing to be disseminated the false and deceptive statements regarding the lifetime cloud access and support, as alleged above, the DEFENDANTS knew or should have known that the statements were false or misleading. Defendants were to controllers and operators of their product and knew of any advertising on their product boxes. Furthermore, any changes to Defendant's products or access to Defendants products was under Defendant's control. Their can be little doubt as to Defendant's knowledge of Defendant's practices.

63.    As a direct and proximate result of DEFENDANT'S false and misleading advertising, Plaintiff and the members of the class have been injured in fact, in that they purchased OPEN MESH devices with cloud access and support until December 31, 2021 and not lifetime cloud access and support as advertised. Plaintiff and members of the class would not have purchased said devices if they had known the "lifetime" policy would change.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

64.     DEFENDANTS' false and misleading advertising as alleged above presents a continuing harm to Plaintiff, the Class, and members of the public because DEFENDANTS persist and continue to disseminate false and misleading advertising.

65.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION III
## VIOLATIONS OF UNFAIR BUSINESS PRACTICE ACT- CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 et seq. AGAINST DEFENDANTS

66.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

67.     California Business & Professions Code § 17200 at seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading adverting."

68.     DEFENDANTS engaged in the practice of "unfair competition" through their "unfair, fraudulent, and deceptive" business practice of false advertising as alleged in paragraphs 57 through 65 where defendant knowingly placed untrue and misleading statements on their product packaging causing competitors and consumers. The advertising was unlawful, unfair and fraudulent and DEFENDANTS made it knowingly or should have known they were engaged

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1   in this practice.

2

3   69.     By engaging in the false, deceptive, and misleading conduct alleged

4   above, DEFENDANTS have engaged in unlawful business acts and practices in

5   violation of the UCL by violating state and federal laws including but limited to

6   Business & Professions Code § 17500 et seq., which makes false and deceptive

7   advertising unlawful. Additionally, DEFENDANTS engaged in unlawful conduct

8   when breached warranties, intentionally misrepresented their product, and

9   willfully breached a contract.

10

11   70.     In addition to being unlawful, DEFENDANTS' acts, conduct and

12   practices as alleged above are unfair. DEFENDANTS, through deceptive and

13   misleading advertising and representations, induced Plaintiff and class members

14   to purchase OPEN MESH devices believing them to have lifetime cloud access

15   and support only to end access and support after DATTO's purchase.

16

17   71.     As a direct and proximate result of DEFENDANTS' unlawful, unfair

18   and fraudulent business practices, Plaintiff and members of the class have been

19   injured in fact. They purchased OPEN MESH devices in reliance on

20   DEFENDANTS' false and misleading advertising and representations to the

21   general public regarding the lifetime cloud access and support. Plaintiffs and the

22   members of the class would have purchased the devices had they known they were

23   going to change their lifetime policy.

24

25   72.     DEFENDANTS' false and misleading advertising as alleged above

26   presents a continuing harm to Plaintiffs, the Class, and members of the public

27   because DEFENDANTS persist and continue to disseminate false and misleading

28   advertising.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

73.      DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

**CAUSE OF ACTION IV**
**VIOLATION OF CONSUMERS LEGAL REMEDIES ACT- ESSENTIAL FACTUAL ELEMENTS (CIV CODE §1770)**
**AGAINST DEFENDANTS**

74.      Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

75.      Plaintiffs and Class members bought various OPEN MESH devices. Defendant's product was labeled, through their own manuals **(Exhibit C)**, as a product for home and apartment buildings making normal use of this product for personal, household, or family use.

76.      That DEFENDANTS and each of them advertised their devices with the intent to switch their lifetime cloud license to a monthly fee; making false or misleading statements of fact concerning the lifetime cloud license policy.

77.      Plaintiffs and Class members were harmed.

78.      Plaintiffs' and Class members' harm directly and proximately resulted from the DEFENDANT and each of their conduct.

79.      DEFENDANTS and each of their conduct damaged Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

1    necessary.

2

3    80.    DEFENDANTS and each of them acted with fraud, malice, or

4    oppression. Based on the foregoing, Plaintiffs and class members are entitled to

5    recover punitive damages from DEFENDANTS and each of them, in an amount

6    according to proof.

7

8                    **CAUSE OF ACTION V**
                    **BREACH OF CONTRACT**
9                   **AGAINST DEFENDANTS**

10

11    81.    Plaintiffs hereby incorporate by reference the allegations in the above

12    paragraphs of this Complaint as though fully set forth herein.

13

14    82.    Plaintiffs and Class members entered into a contract with

15    DEFENDANTS when they purchased the devices from Defendant's distributor.

16    The plaintiff provided monetary consideration in exchange for the physical device

17    and lifetime cloud access and support similarly to a retail purchase agreement. The

18    invoice with the terms of the agreement is attached as **"Exhibit D."**

19    83.    When Plaintiffs and class members purchased the OPEN MESH

20    devices, it included lifetime cloud access and support.

21

22    84.    DEFENDANT DATTO failed to maintain the lifetime policy to

23    OPEN MESH users, even though they were required to do so under the contract.

24

25    85.    The terms of the contract were each Plaintiff's monetary

26    considerations for each of Defendant's product, including the lifetime warranty

27    expressly provided for in the packaging of the product.

28

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

86.    Plaintiffs and Class members were proximately harmed because they now have no/minimal use of the devices or have to pay a monthly maintenance fee.

87.    DEFENDANT's breach of contract was a substantial factor in causing Plaintiffs and Class members' harm.

88.    DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION VI
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## AGAINST DEFENDANTS

89.    Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

90.    Plaintiffs and Class members entered into a contract.

91.    Plaintiffs and Class members did all, or substantially all off the significant things that the contract required them to do. In purchasing, Plaintiffs and Class members were guaranteed a onetime purchase with no extra added costs to keep the devices functioning.

92.    All conditions required for DEFENDANTS' performance had occurred.

93.    The terms of the contract were each Plaintiff's monetary considerations for each of Defendant's product, including the lifetime warranty expressly provided for in the packaging of the product.

94.    DEFENDANTS ended their lifetime policy and breached the lifetime warranty contract it had with its consumers who purchased the OPEN MESH devices.

95.    By doing so, DEFENDANTS did not act fairly and in good faith.

96.    As a direct and proximate result of DEFENDANTS' conduct, Plaintiffs and members of the Class were harmed.

97.    DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm. These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

## CAUSE OF ACTION VII
## BREACH OF EXPRESS WARRANTY
## AGAINST DEFENDANTS

98.    Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

99.    At the time of purchase DEFENDANTS were in the business of selling the devices to distributors for the general public's use.

100.    The devices did not measure up to the promises or facts stated on

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE I550
LONG BEACH, CALIFORNIA 90802

the box. Any disclaimers were in direct conflict with what they warranted on their product packaging.

101.   DEFENDANTS represented in writing and advertisement to Plaintiffs and Class members that with their onetime purchase of the device(s), their cloud license and customer support would work for the lifetime of the product which amounts to an express warranty. A true and correct copy of OPEN MESH's website is attached and labeled as **Exhibit "B".**

102.   Plaintiffs and members of the Class bought OPEN MESH devices because of the allure of the promise of lifetime cloud access. The promise of lifetime cloud access was the basis of the bargain and one of the primary benefits of the product.

103.   DEFENDANTS' products failed to perform as warranted. Each product was labeled expressly on the product packaging as warranted for lifetime use. As of December 31, 2021, any use of the product was cut off per DEFENDANT'S "end of life notice," effectively making the products fail to perform as warranted.

104.   FEINBERG contacted OPEN MESH's customer support multiple times through phone calls and emails, but was never able to reach OPEN MESH and never received a response to his numerous attempts to contact OPEN MESH. FEINBERG then contacted DATTO's customer support to no avail. DATTO claimed that because the devices were not from their company they couldn't provide FEINBERG with much assistance. The DATTO customer support agent mentioned to FEINBERG that if he purchased a monthly subscription from DATTO for CLOUDTRAX, that it could bring his devices

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

back online. Plaintiff FEINBERG is informed and believes and thereon alleges that in or about early 2017 DATTO began ending support and automatic updates for OPEN MESH devices after advertising and warranting lifetime access to its users. DATTO and OPEN MESH warranted, advertised, and communicated lifetime access to its customers and cut off the use of the product.

105.     DEFENDANTS' breach of the express warranty was a substantial factor in causing Plaintiffs and the members of the Class's harm.

106.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm.  These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

107.     In doing the acts herein alleged, DEFENDANTS, and each of them, acted with oppression, fraud, malice, and conscious disregard of Plaintiffs' and members of the Class rights, and Plaintiffs and members of the Class are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

## CAUSE OF ACTION VIII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## AGAINST DEFENDANTS

108.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

109.     Plaintiffs and members of the Class bought OPEN MESH devices from distributors of DEFENDANTS. There is vertical privity between defendant's and their distributors.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

110.     At the time of purchase DEFENDANTS were in the business of selling the devices to distributors for the general public's use.

111.     The devices did not measure up to the promises or facts stated on the box. Any disclaimers were in direct conflict with what they warranted on their product packaging.

112.     Any alleged warranties may not be given with one hand then taken away by another through a disclaimer.

113.     Plaintiffs and class members were harmed.

114.     DEFENDANTS' breach of the implied warranty was a substantial factor in causing Plaintiffs and the members of the Class's harm.

115.     DEFENDANTS and each of their conduct caused Plaintiffs and Class members harm, loss, and damages and continue to expose them to harm. These losses reflect damages to Plaintiffs and Class members in an amount to be determined at trial or separate proceedings as necessary.

116.     In doing the acts herein alleged, DEFENDANTS, and each of them, acted with oppression, fraud, malice, and conscious disregard of Plaintiffs' and members of the Class rights, and Plaintiffs and members of the Class are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

## CAUSE OF ACTION IX
## INTENTIONAL MISREPRESENTATION
## AGAINST DEFENDANTS

117.    Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

118.    DEFENDANTS represented in writing and advertisement to Plaintiffs and Class members that with their onetime purchase of the device(s), their cloud license and customer support would work for the lifetime of the product. A true and correct copy of OPEN MESH's website is attached and labeled as **Exhibit "B"**.

119.    DEFENDANTS' representations were false. In or about late 2016 DATTO acquired OPEN MESH and changed the lifetime warranty policy to consumers paying a monthly fee to maintain CLOUDTRAX.

120.    DEFENDANTS knew that the lifetime cloud access and support representations they made were false when they advertised OPEN MESH devices.

121.    DEFENDANTS intended for Plaintiffs and Class members to rely on their lifetime cloud access and support representations in order to induce Plaintiffs and Class members to purchase the devices.

122.    Plaintiffs and Class members reasonably and justifiably relied to their detriment on said representations. Both PLAINTIFFs and DEFENDANTS were sophisticated parties to understand and rely on representations made by defendant. PLAINTIFFS understood that the purchase of this product included lifetime cloud access or Defendant may not have purchased the product. Defendant relied on this material provision in purchasing Defendant's product.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

123.     As a direct and proximate result, Plaintiffs and Class members lost monies, business, devices, etc.

124.     Plaintiffs and Class members detrimental and justifiable reliance on DEFENDANTS' false representations was a substantial factor in causing them harm.

125.     DEFENDANTS and each of their conduct caused Plaintiffs and members of the Class and Subclass harm, loss, and damages. These losses reflect damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

126.     In doing the acts herein alleged, DEFENDANTS, and each of them, acted with oppression, fraud, malice, and conscious disregard of Plaintiffs' and members of the Class rights, and Plaintiffs and members of the Class are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

## CAUSE OF ACTION X
## NEGLIGENCE
## AGAINST DEFENDANTS

127.     Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

128.     DEFENDANTS and each of them have a duty to exercise reasonable care due and cautious care in their packaging, labeling, advertising, and marketing towards their consumers.

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

129.    Furthermore, Defendants have a legal duty to exercise reasonable care products through the supply chain

130.    DEFENDANTS and each of them unlawfully breached its duties by, among other things, marketing the devices with false promises that were negligently made.

131.    As outlined in this Complaint, DEFENDANTS and each of their conduct were negligent in that they lacked due and cautious care, and their individual and collective conduct is and continues to be a departure from the ordinary standard of conduct. Their actions breach any duty of due cautious care to their customers.

132.    DEFENDANTS and each of them negligently marketed the devices with including but not limited to "lifetime cloud license" and "automatic updates", even though it was not true.

133.    DEFENDANTS and each of them intentionally, negligently, and wrongfully breached their duties owed to Plaintiffs, and members of the Class and Subclass, thereby proximately caused losses and damages that would not have occurred but for DEFENDANTS and each of their gross breaches of their duty of due and cautious care. These losses reflect special compensatory and general damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

///
///
///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

**REQUEST FOR RELIEF:**

1. Enter an immediate injunction requiring DEFENDANTS to reinstate their Lifetime warranty and bar their public advertising of the subject devices until said warranties are reinstated;

2. Certify a Class of Plaintiffs similarly situated to the named representative;

3. Compensatory damages in excess of $75,000;

4. Enter an award for attorneys fees and costs;

5. Enter an award for punitive damages for the willful, wanton, and reckless behavior of Defendants; and,

6. Any other relief this Court deems just and fit.

Respectfully Submitted,

Dated: December 6, 2023       **LAW OFFICES OF GARY R. CARLIN, APC**

By: _____
Gary R. Carlin,
Attorneys for Plaintiffs and Class members

///

///

///

///

///

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demand a jury trial.

Respectfully Submitted,

Dated: December 6, 2023         **LAW OFFICES OF GARY R. CARLIN, APC**

By: _____
Gary R. Carlin
Attorneys for Plaintiffs and Class members

LAW OFFICES OF GARY R. CARLIN APC
301 EAST OCEAN BOULEVARD, SUITE 1550
LONG BEACH, CALIFORNIA 90802